UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACKENZIE BROWN

        Plaintiff,

v.

BRADLEY GATES, CONNIE CLEMONS,
THE PHIA GROUP, LLC,
and PROGRESSIVE MARATHON
INSURANCE COMPANY,

        Defendants.

Case No.:

HON. _____
United States District Judge

HON. _____
Magistrate Judge

_____

MARK E. SISSON (P75250)
THE SAM BERNSTEIN LAW FIRM, PLLC
Attorneys for Plaintiff
31731 Northwestern Highway, Suite 333
Farmington Hills, MI  48334
248-985-0975/ fax: 248-737-4392
Secretary:  248-671-1606
msisson@sambernstein.com
bwinston@sambernstein.com

_____

THE
SAM BERNSTEIN
LAW FIRM

31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this Court.

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, MACKENZIE BROWN, by and through her attorneys, THE SAM BERNSTEIN LAW FIRM, PLLC, by MARK E. SISSON, and for her cause of action against the above-named Defendants, BRADLEY GATES, CONNIE CLEMONS, THE PHIA GROUP, LLC and PROGRESSIVE MARATHON INSURANCE COMPANY states unto this Honorable Court as follows:

### NATURE OF ACTION

1. This is an action to:

   a. Enforce the terms of a welfare benefit plan administered pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), as authorized under 29 U.S.C. § 1132 (a)(3);

   b. Enjoin acts and practices which violate the terms of the ERISA plan, as authorized under 29 U.S.C. § 1132 (a)(3);

   c. To the extent that Plaintiff's funds are subject to an equitable lien imposed by an ERISA benefit plan, require reimbursement by a Michigan no-fault automobile insurance company; and

   d. An uninsured motorist breach of contract claim for bodily injury sustained as a result of an uninsured Michigan motorist.

### JURISDICTION AND VENUE

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

2. This Court has exclusive jurisdiction over the ERISA claims pursuant to 29 U.S.C. § 1132 (e)(1) and 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367 (a).

4. Venue is proper in this Court pursuant to 29 U.S.C. § 1132 (e)(2) and 28 U.S.C. § 1391 (b).

<u>PARTIES</u>

5. Plaintiff, MACKENZIE BROWN, is a resident of the City of Davison, County of Genesee, State of Michigan.

6. Defendant, THE PHIA GROUP, LLC, (hereinafter "PHIA GROUP") is a welfare benefit plan administered "solely in the interest of the participants and beneficiaries" of the plan pursuant to ERISA, 29 U.S.C. § 1104 (a)(1), and the PHIA GROUP is an entity that may sue or be sued under ERISA, 29 U.S.C. § 1132 (d)(1). The administrative office of the PHIA GROUP is located in Canton, Massachusetts.

7. Defendant, BRADLEY GATES, upon information and belief, is a resident of the City of Clio, County of Genesee, State of Michigan

8. Defendant, CONNIE CLEMONS, upon information and belief, is a resident of the City of Mount Morris, County of Genesee, State of Michigan.

9. Defendant, PROGRESSIVE MARATHON INSURANCE COMPANY,

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

(hereinafter "PROGRESSIVE INSURANCE"), is a domestic company that conducts business throughout Michigan, including Genesee County, and the resident agent for PROGRESSIVE INSURANCE is located in Kent County.

## GENERAL ALLEGATIONS

10.   At all material times, MACKENZIE BROWN, has been a participant in the PHIA GROUP.

11.   At all material times, MACKENZIE BROWN, also has been insured under a contract of Michigan no-fault insurance with PROGRESSIVE INSURANCE, including coverage for personal injury protection (PIP) benefits.

12.   On February 1, 2020, MACKENZIE BROWN, suffered serious injuries when she was a driver in a vehicle traveling northbound on S. Center Road in Burton, Michigan when its driver, BRADLEY GATES, failed to make proper observations when pulling out of a driveway, failed to yield the right of way to your Plaintiff, thereby striking the front and side of Plaintiff's vehicle causing serious and permanent injuries to your Plaintiff as hereinafter alleged.

13.   As a result of the crash, MACKENZIE BROWN, suffered serious injuries, including, but not limited to, injuries to the right upper extremity with a fractured right wrist with surgical intervention and surgical hardware and residual scarring.

14.   As a result of the injuries she suffered in the February 1, 2020 crash,

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

MACKENZIE BROWN, has required extensive medical treatment, including surgical intervention, physical therapy, prescription pain medications, and will likely need future treatment.

15. As a result of the treatment of the injuries she suffered in the February 1, 2020 crash, MACKENZIE BROWN, has incurred numerous medical expenses.

16. Payment of many of Ms. Brown's medical expenses have been advanced by the PHIA GROUP.

17. Due to the nature and extent of the injuries she suffered in the February 1, 2020 crash, MACKENZIE BROWN has suffered a serious impairment of body function within the meaning of M.C.L. § 500.3135, thereby entitling MACKENZIE BROWN to recover noneconomic damages from BRADLEY GATES.

18. The PHIA GROUP, has claimed that it is entitled to reimbursement from Ms. Brown of the medical expenses advanced by the Plan.

19. PHIA GROUP has claimed that the Plan is a self-funded welfare benefit plan administered under ERISA.

20. PHIA GROUP has provided a "Booklet" purportedly describing the benefits available under the Plan effective January 1, 2015, which includes the declaration within the "Plan Information" that:

> The claims under this self-funded plan are administered by
> the Claims Administrator under a contract with the Plan

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

> Sponsor. Benefit payments are made from the Plan Sponsor's general assets.

21.    Nevertheless, PHIA GROUP now has demanded reimbursement from Ms. Brown of "expended payments."

22.    As of October 13, 2020, PHIA GROUP is claiming a right of reimbursement in the amount of $12,127.47 paid by it for provider claims for Ms. Brown's accident-related treatment.

23.    PHIA GROUP made these payments despite the fact its "Booklet" contained the following "Subrogation" language:

> When benefits are paid under the Group health plan, the Plan shall be subrogated to all of the Covered Person's right of recovery against any person or organization to the extent of the benefits paid. The Subscriber, the Covered Person or the person who has the right to recover for a Covered Person (usually a parent or spouse), agrees to make reimbursement to the Plan *if payment is received from the person who caused the illness or injury or from that person's liability carrier.*

> This subrogation shall be a first priority lien on the full or partial proceeds of any settlement, judgment, or other payment recovered by or on behalf of the Covered Person, whether or not there has been full compensation for all his or her losses, or as provided by applicable law. The Plan's rights shall not be defeated by allocating the proceeds in whole or in part to nonmedical damages.

> (emphasis added)

24.    PHIA GROUP made these payments despite the fact its "Booklet" contained the following "Contractual Right To Reimbursement" language:

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

> If a Covered Person receives full or partial proceeds from any other source for Covered Services for an Illness or Injury, the Group health plan has a contractual right of reimbursement to the extent benefits were paid under the Plan for the same Illness or Injury. This contractual right to reimbursement shall be a first priority lien against any proceeds recovered by the Covered Person, whether or not the Covered Person has been fully compensated for all his or her losses, or as provided by applicable law.
>
> Such proceeds may include any settlement; judgment; payments made under group auto insurance; individual or group no fault auto insurance; another person's uninsured, underinsured or medical payment insurance; or proceeds otherwise paid by a third party. This contractual right to reimbursement is in addition to and separate from the subrogation right. The Group health Plan's rights shall not be defeated by allocating the proceeds in whole or in part to nonmedical damages.

25.    Importantly, the "Contractual Right To Reimbursement" provision of the PHIA GROUP booklet applies to the extent *"a Covered Person receives full or partial proceeds from any other source for Covered Services for an Illness or Injury, the Group health plan has a contractual right of reimbursement to the extent benefits were paid under the Plan for the same Illness or Injury."*

26.    A Michigan statute has abolished tort liability for certain damages, including all damages for medical expenses, that may be incurred as a result of a motor vehicle collision in Michigan. M.C.L. § 500.3135(3).

27.    Therefore, as a matter of law, the third-party tortfeasor who caused the crash that injured Ms. Brown cannot be held responsible for the medical expenses

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

that Ms. Brown incurred as a result of her injuries, and such a noneconomic tort

recovery is outside the scope of the PHIA GROUP booklet's subrogation and

reimbursement provisions.

28.   Nevertheless, PHIA GROUP has insisted that it is entitled to reimbursement

from Ms. Brown's third-party recovery.

29.   Additionally, Progressive has insisted that its PIP coverage is secondary in

order of priority to the Plan.

30.   Although Ms. Brown's third-party recovery cannot possibly cover the

expense amount claimed by PHIA GROUP, and it appears that Progressive

would be liable for the entire amount as the primary insurer, PHIA GROUP has

refused to seek reimbursement from Progressive.

31.   The Progressive insurance contract includes PIP coverage for all of Ms.

Brown's allowable expenses consisting of all reasonable charges incurred for

reasonably necessary products, services and accommodations for her care,

recovery, or rehabilitation arising from the February 1, 2020 crash.

32.   The Progressive insurance contract declarations indicate that its PIP

coverage for Ms. Brown is subject to "coordination of medical expenses."

33.   Under the terms of the Progressive insurance contract, this means that:

> We do not provide Personal Injury Protection Coverage
> for medical expenses for you or any "family member" to
> the extent that similar benefits are paid or payable under
> any other insurance, service, benefit or reimbursement

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

plan (excluding Medicare benefits provided by the Federal Government); and if Coordination of Benefits for medical expenses is indicated in the Schedule or Declarations.

34.    Thus, the Progressive coordination provision applies only "to the extent that similar benefits are paid or payable under any other insurance."

35.    To the extent that the Plan has a right of reimbursement from either Progressive or from Ms. Brown's third-party recovery, the expenses advanced by the Plan are not ultimately "paid or payable" within the meaning of the Progressive insurance contract, and those advanced expenses are not subject to coordination by Progressive as a result.

36.    Rather, Progressive remains responsible for paying Ms. Brown's allowable expenses in this situation, including reimbursement of any advances made by the Plan.

37.    Nevertheless, Progressive has refused to resolve the reimbursement dispute directly with the Plan or its contractors.

38.    Unless corrected, this conflict would leave Ms. Brown without the protection of either her Progressive PIP coverage or her health benefits under the Plan, potentially allowing medical expenses to consume her entire third-party noneconomic damage entitlement.

39.    Consequently, Ms. Brown seeks declaratory and injunctive relief to protect her interest and determine the rights of the parties.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

## COUNT I: ENFORCEMENT OF ERISA PLAN TERMS
## PURSUANT TO 29 U.S.C. § 1132(a)(3)

40.   Plaintiff restates all of the preceding allegations as incorporated herein.

41.   ERISA authorizes plan participants such as Ms. Brown to seek appropriate equitable relief to enforce the terms of a benefit plan pursuant to 29 U.S.C. § 1132(a)(3).

42.   The PHIA GROUP booklet contains language that expressly disavows coverage for any expense that may be covered by no-fault automobile insurance such as the Progressive insurance contract.

43.   Assuming this provision of the PHIA GROUP booklet states the terms of the Plan, the preemptive power of ERISA effectively nullifies conflicting state law provisions, and this express disavowal of benefits covered by no-fault insurance effectively renders Progressive's PIP coverage primary in the order of priority.

44.   Therefore, it would be appropriate for this Court to enforce the terms of the Plan in accordance with 29 U.S.C. § 1132 (a)(3), determining that Progressive's PIP coverage is primary in the order of priority under the circumstances of this case.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

45.   It would also be appropriate for the Court to award Ms. Brown the

reasonable attorney fees and costs incurred in this action pursuant to 29 U.S.C. §

1132 (g)(1).

Wherefore, Plaintiff requests this Honorable Court to enforce the terms of

the Plan in accordance with 29 U.S.C. § 1132 (a)(3), determining that

Progressive's PIP coverage is primary in the order of priority under the

circumstances of this case, compelling Progressive to reimburse the Plan for all

applicable advanced expenses, and to award Ms. Brown the reasonable attorney

fees and costs incurred in this action pursuant to 29 U.S.C. § 1132 (g)(1).

COUNT II: ENJOINING ACTS AND PRACTICES VIOLATING ERISA PLAN
TERMS PURSUANT TO 29 U.S.C. § 1132(a)(3)

46.   Plaintiff restates all of the preceding allegations as incorporated herein.

47.   ERISA authorizes plan beneficiaries such as Ms. Brown to enjoin any act or

practice which violates any provision of ERISA or the terms of an ERISA

plan.  29 U.S.C. § 1132(a)(3).

48.   A Michigan statute has abolished tort liability for certain damages, including

all damages for medical expenses, that may be incurred as a result of a motor

vehicle collision in Michigan.  M.C.L. § 500.3135(3).

49.   Thus, as a matter of law, the third-party tortfeasor who caused the crash that

injured Ms. Brown cannot be held responsible for the medical expenses which

Ms. Brown incurred as a result of her injuries.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

50.    Consequently, the right of subrogation and reimbursement asserted in the PHIA GROUP booklet does not reach Ms. Brown's third-party recovery, and asserting a right of reimbursement against such noneconomic tort recovery would violate the express terms of the Plan as stated in the PHIA GROUP booklet.

51.    Nevertheless, PHIA GROUP has insisted that it is entitled to reimbursement from Ms. Brown's third-party recovery in violation of the Plan terms.

52.    Therefore, it would be appropriate for the Court to enjoin the Plan and its contractors from asserting any right if reimbursement against Ms. Brown's noneconomic tort recovery.

53.    It would also be appropriate for the Court to award Ms. Brown the reasonable attorney fees and costs incurred in this action pursuant to 29 U.S.C. § 1132(g)(1).

Wherefore, Plaintiff requests this Honorable Court to enjoin the Plan and its contractors from asserting any right of reimbursement against Ms. Brown's noneconomic tort recovery pursuant to 29 U.S.C. § 1132(a)(3), and to award Ms. Brown the reasonable attorney fees and costs incurred in this action pursuant to 29 U.S.C. § 1132(g)(1).

## COUNT III: REIMBURSEMENT OF TORT LIEN BY PROGRESSIVE INSURANCE

54.  Plaintiff restates all of the preceding allegations as incorporated herein.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

55.   Under the terms of the Progressive Insurance contract, its coordination provision is limited in that:

> We do not provide Personal Injury Protection Coverage for medical expenses for you or any "family member" to the extent that similar benefits are paid or payable under any other insurance, service, benefit or reimbursement plan (excluding Medicare benefits provided by the Federal Government); and if Coordination of Benefits for medical expenses is indicated in the Schedule or Declarations.

56.   Thus, the Progressive Insurance coordination provision applies only "to the extent that similar benefits are paid or payable under any other insurance…"

57.   To the extent that the Plan has a right of reimbursement from either Progressive Insurance or from MACKENZIE BROWN'S third-party recovery, the expenses advanced by the Plan are not ultimately "paid or payable" within the meaning of the Progressive Insurance insurance contract, and those advanced expenses are not subject to coordination by Progressive Insurance as a result.

58.   Therefore, Progressive Insurance is not entitled to coordination under the terms of its insurance contract, and it would be appropriate for the Court to determine that MACKENZIE BROWN is entitled to reimbursement from Progressive Insurance for any expenses she must reimburse the Plan from her third-party recovery.

Wherefore, MACKENZIE BROWN, requests this Honorable Court to determine that she is entitled to reimbursement from Progressive Insurance of any

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

expenses she must reimburse to the Plan from her tort recovery, and to award

MACKENZIE BROWN any applicable costs, interest, and attorney fees.

## COUNT IV: NEGLIGENCE

65.  Plaintiff adopts and incorporates by reference each and every allegation

contained in the General Allegations of this Complaint as if more specifically set

forth herein, word for word and paragraph by paragraph.

66.  That on or about the 1st day of February, 2020, Plaintiff, MACKENZIE

BROWN, was a driver of a 2017 Hyundai Sonata traveling northbound on S.

Center Road at or near its intersection with Court Road in the City of Burton,

County of Genesee, State of Michigan when the Defendant, BRADLEY GATES,

did operate a 2008 Chevrolet Equinox motor vehicle that failed to make proper

observations when pulling out of a driveway, failed to yield the right of way to

your Plaintiff, thereby striking the front and side of Plaintiff's vehicle causing

serious and permanent injuries to your Plaintiff as hereinafter alleged.

67.  That it then and there became and was the duty of Defendant, BRADLEY

GATES, to drive said motor vehicle with due care and caution in accordance with

the statutes of the State of Michigan and the rules of the common law applicable

to the operation of motor vehicles, but that, notwithstanding said duties, your

Defendant did breach and violate the same in one or more of the following

particulars:

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

a.    Failing to stop in an assured clear distance;

b.    Driving said motor vehicle on the highway at a speed greater than would permit her to bring it to a stop within the assured clear distance ahead, contrary to the provisions of MCL 257.627;

c.    Driving at an excessive and unlawful speed;

d.    Failing to drive said motor vehicle at a careful and prudent speed, not greater than was reasonable and proper, having due regard to the traffic, surface and width of the highway and other conditions then and there existing;

e.    Failing to keep a proper or any lookout for traffic when Defendant knew or should have known that such failure would endanger the life and lives of other persons along and upon said highway;

f.    Driving a vehicle on a highway recklessly, with gross negligence and with willful or wanton disregard for the safety of others in violation of MCL 257.626 et. seq.

g.    Failing to have said automobile equipped with brakes adequate to control its movement and stop and hold it as required by MCL 257.705 or in the alternative, failing to use said equipment;

h.    In failing to keep said vehicle under control at all times relevant to this matter;

i.    In otherwise negligently failing to exert that degree of care, caution, diligence and prudence as would be demonstrated by a reasonably prudent person under the same or

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

similar circumstances and in otherwise causing the injuries and damages to your Plaintiff as hereinafter alleged; and

j.      In other manners as yet unknown to Plaintiff but which will become known during the course of discovery.

68. That Defendant, BRADLEY GATES, is vicariously liable for the negligent acts and/or omissions of the Defendant, CONNIE CLEMONS, by virtue of the terms of the applicable Owners Liability Statute.

69. That as a direct and proximate result of the negligent acts and/or omissions on the part of Defendant, BRADLEY GATES, your Plaintiff, MACKENZIE BROWN, was caused and will be caused in the future to suffer with severe, grievous and permanent personal injuries, disability, damages, serious impairment of bodily functions and permanent, serious disfigurement, the full extent and character of which are currently unknown but, which may include but, are not necessarily limited to the following:

a.      Injuries to her head, neck and back;

b.      Injuries to the right upper extremity including a fractured right wrist with surgical intervention and hardware;

c.      Subsequent surgical intervention to remove right upper extremity hardware;

d.      Injuries to and about the entire musculo-skeletal system and sequelae;

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

e.   Residual scarring and sequelae;

f.   Any and all other manners of internal and external injuries;

g.   Pain, suffering, discomfort, disability, and extreme physical and emotional suffering;

h.   Severe and continuing embarrassment, humiliation, anxiety, tension and mortification;

i.   Loss of the natural enjoyments of life;

j.   Aggravation of pre-existing conditions; and

k.   Damages in excess of those provided under the Michigan No-Fault Act.

70.   That as a direct and proximate result of Defendant's negligence and unlawful conduct, your Plaintiff has been required to undergo various and certain medical procedures and will be required to undergo like treatment in the future.

WHEREFORE, Plaintiff, MACKENZIE BROWN, prays that this Honorable Court award him damages against Defendant, BRADLEY GATES, in whatever amount in excess of Twenty-Five Thousand ($25,000.00) Dollars to which he is found to be entitled to receive, together with costs, interest and attorney fees.

## COUNT V: PERSONAL INJURY PROTECTION BREACH OF CONTRACT

71.   Plaintiff, MACKENZIE BROWN, adopts and incorporates by reference each and every allegation contained in the previous Counts of this Complaint as if more

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

specifically set forth herein, word for word and paragraph by paragraph.

72.   On or about aforementioned place, date, and time, Plaintiff, MACKENZIE BROWN, was involved in a motor vehicle accident as described in Count I and sustained severe injuries arising therefrom.

73.   Under the Michigan statues governing these matters, Defendant PROGRESSIVE INSURANCE, as Plaintiff's no-fault insurer, became liable to pay Plaintiff continuing medical benefits, allowable expenses and attendant care, rehabilitation expenses and other Michigan No-Fault benefits.

74.   That as a result of this accident, Plaintiff, MACKENZIE BROWN, incurred medical, surgical and hospital expenses, rehabilitation expenses, and other allowable expenses.

75.   Thereafter, Plaintiff, MACKENZIE BROWN, gave the Defendant PROGRESSIVE INSURANCE, due notice in writing of said accident and requested payments pursuant to the provisions of the Michigan No-Fault Law for medical expenses, and all other benefits allowable under the Michigan No-Fault Law.

76.   Plaintiff, MACKENZIE BROWN, kept, performed, and complied with all duties of Michigan No-Fault Law.

77.   That, PROGRESSIVE INSURANCE, have wholly neglected and unreasonably refused to pay for medical expenses, wage loss, household services

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

and other benefits provided under the Michigan No-Fault Act to Plaintiff, MACKENZIE BROWN.

78.   Plaintiff has performed all conditions precedent to Defendant's performance, and Defendant is in breach of the insurance contract and/or applicable Michigan Law.

79.   Plaintiff is claiming damages for any and all other items of loss and damage Plaintiff may be entitled to receive under the law as a result of Defendants' breaches.

80.   Plaintiff is entitled to costs and interest pursuant to MCL 500.3142, judgment interest, and attorney fees pursuant to MCL 500.5148(1).

WHEREFORE, Plaintiff, MACKENZIE BROWN, prays that this Honorable Court render a Declaratory Judgment that the Defendant, PROGRESSIVE INSURANCE,  is now liable for accrued and accruing medical benefits, allowable expenses and attendant care, rehabilitation expenses, and other Michigan No-Fault benefits according to the terms of the policy and/or statutes of the State of Michigan; and further, award Plaintiff, MACKENZIE BROWN, damages against Defendant, PROGRESSIVE INSURANCE, in whatever amount in excess of Twenty Five Thousand ($25,000.00) Dollars to which he is found to be entitled to receive, together with interest, costs and attorney fees.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

## **JURY DEMAND**

NOW COMES the Plaintiff, MACKENZIE BROWN, by and through her attorneys, THE SAM BERNSTEIN LAW FIRM, PLLC, and hereby respectfully demands a Trial by Jury in the above-entitled cause of action.

Respectfully submitted,

THE SAM BERNSTEIN LAW FIRM, PLLC

_____

MARK E. SISSON (P75250)
THE SAM BERNSTEIN LAW FIRM, PLLC
Attorneys for Plaintiffs
31731 Northwestern Highway, Suite 333
Farmington Hills, MI 48334
248-985-0975 / Fax: (248) 737-4392
Secretary:  248-737-8400 (x1042)
msisson@sambernstein.com
bwinston@sambernstein.com

Dated: January 28, 2021

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY